**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD NIKOLAYAN,<br><br>Petitioner,<br><br>v.<br><br>SHAWN HATTON, Warden,<br><br>Respondent. | Case No. LACV 16-8174-JLS (LAL)<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

## I.
## PROCEEDINGS

On November 2, 2016, Edward Nikolayan filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. On February 28, 2017, Respondent filed an Answer to the Petition. On May 15, 2017, Petitioner filed a Traverse. On May 22, 2018, the then-assigned Magistrate Judge ordered the parties to file supplemental briefing regarding the application of the United States Supreme Court decision in McCoy v. Louisiana, --- U.S. ----, 138 S. Ct. 1500, 200 L. Ed. 2d 821 (2018). On June 22, 2018, Petitioner filed a first supplemental brief. On August 31, 2018, Respondent filed a supplemental brief. On September 13, 2018, Petitioner filed a second supplemental brief.

On January 22, 2019, this Court granted Petitioner's request to stay these proceedings while he sought to exhaust state court remedies. On December 10, 2020, Petitioner filed a

motion to voluntarily dismiss this action on grounds of mootness in light of the Los Angeles County Superior Court granting the relief requested, vacating the conviction, and setting the case for a new trial.

## II.

## DISCUSSION

Mootness is a constitutionally imposed limit on the jurisdiction of the federal court. U.S. Const. Art. III, § 2.  For a federal court to have jurisdiction over a case, there must be an actual case or controversy at the time the case is decided.  See Preiser v. Newkirk, 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."); see also Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (as amended) ("The Constitution limits the jurisdiction of the federal courts to live cases and controversies, and as such, federal courts may not issue advisory opinions.").  "If there is no longer a possibility that a[] [litigant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."  See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999); Am. Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997) (as amended) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.").

Here, Petitioner has received the relief requested and his conviction has been vacated. Because there remains no conviction for Petitioner to challenge and no relief for this Court to grant this action is moot.  Accordingly, the Court lacks jurisdiction over this matter and it must be dismissed.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action for lack of jurisdiction.

DATED: March 22, 2021

_____
HONORABLE JOSEPHINE L. STATON
United States District Judge